Requestor: Bart M. Carrig, Esq., Village Attorney Village of Herkimer 120 Green Street Herkimer, New York 13350
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person who serves as the chief of police of a village police department may be a candidate for and hold the office of member of a city council.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter.
The city council serves as the legislative branch of city government while the village chief of police is an officer of the village police department. We do not foresee any incompatibility between these two positions. The village chief of police carries out his law enforcement responsibilities within the village. While police officers have additional powers while outside their jurisdiction (see, CPL §140.10), we do not foresee that this would be a basis for incompatibility. The village police department normally would have no responsibility to enforce local regulations of the city.
We conclude that the offices of village chief of police and member of a city council are compatible. Thus, a person who serves as village chief of police may be a candidate for the office of city council.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.